UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON, | Case No. 2:25-cv-02869-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF FAIRFIELD, ET AL., | (ECF No. 11) |
| Defendant. | |

Pending before the Court is Defendants City of Fairfield, Johnathan Gomebray, Kevin Anderson, and Frank Piro's motion to dismiss the First Amended Complaint (FAC) and to strike portions of the FAC.[1] (ECF No. 11.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Defendants' motion to dismiss and dismisses the FAC without further leave to amend.

////

////

////

////

---

[1]   This matter proceeds before the undersigned pursuant to the parties' consent.

1

## I.    BACKGROUND

### A.    Factual Allegations[2]

Plaintiff Edward Randolph Dayton alleges he was accosted in his tent by Jimmy Johnson, an individual Plaintiff describes as "homeless" and "with mental health issues" on October 8, 2024. (ECF No. 9 at 2.) Plaintiff alleges that he had to "chase Jimmy out of the parking lot." *Id*. At some point later in the day, Plaintiff was following Jimmy in his vehicle. *Id*. at 2. Plaintiff's narrative then jumps to him being questioned by Defendant Johnathan Gomezbray. *Id*. at 1-2. Plaintiff allegedly told Defendant Gomezbray, "he was not trying to run Jimmy over and that he stopped before hitting Jimmy. That 'he was not trying to hit Jimmy, he was just chasing Jimmy with his vehicle.'" *Id*. at 2.

Defendant Kevin Anderson questioned Mr. Johnson. *Id*. at 1. Plaintiff alleges that upon the conclusion of the interview Defendant Anderson communicated to Defendant Gomezbray that "they were going to place Plaintiff under arrest for Assault with a Deadly Weapon in violation of California Penal Code 245(a)(1)." *Id*. at 1-2. Subsequently, Plaintiff was arrested and transported to the Solano County Main Detention Facility where he was booked. *Id*. at 2.

Plaintiff also alleges Defendant Frank Piro was responsible for towing Plaintiff's car and that he "began to fill out the tow report prior to [Defendants] Anderson and Gomezbray's determination to arrest Plaintiff…" *Id*. at 4.

### B.    Procedural Posture

Plaintiff first initiated this action on October 6, 2025. (ECF No. 1.) Defendants then filed a motion to dismiss and motion to strike on January 13, 2026, with a hearing set for February 18, 2026. (ECF No. 4.) On January 30, 2026, Plaintiff filed the FAC. (ECF No. 9.) On February 2, 2026, the undersigned issued a minute order vacating the February 18 hearing and denying Defendants' motions as moot given the filing of the FAC. (ECF No. 10.) On February 17, 2026, Defendants filed a motion to dismiss the FAC and a motion to strike, with a hearing date set for

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

April 1, 2026. (ECF No. 11.) On February 26, 2026, Plaintiff filed an opposition. (ECF No. 12.) Defendants replied to Plaintiff's opposition on March 9, 2026. (ECF No. 13.)

## II.     MOTION TO DISMISS UNDER RULE 12(b)(6)

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the Court accepts as true the allegations in the FAC and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Particularly because Plaintiff proceeds pro se, the Court liberally construes the pleadings and affords Plaintiff the benefit of any doubt. *Bretz v. Kelman,* 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, the Court does not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.    DISCUSSION

### A.     False Arrest

Plaintiff's complaint is difficult to understand and does not specify which defendant allegedly committed each cause of action. Plaintiff appears to allege Defendants Gomezbray and Anderson are liable for false arrest under 42 U.S.C. § 1983. "A claim for unlawful arrest is cognizable under Section 1983 as a violation of the Fourth Amendment if the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco*, 266, F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when, under the totality of the circumstances known to the arresting officers… a prudent person would believe the suspect had committed a crime." *Id*. at 966 (citing *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *D.C. v. Wesby*, 583 U.S. 48, 57 (2018). Plaintiff fails to state a claim for false arrest because the facts he pleads do not allow the Court to infer the Defendant officers arrested him without probable cause.

First, plaintiff alleges that Defendant Anderson questioned Johnson while Defendant Gomezbray questioned Plaintiff. (ECF No. 9 at 1.) Plaintiff alleges at the conclusion of their separate conversations, Defendant Anderson "communicated to [Defendant Gomezbray] that they were going to place Plaintiff under arrest…" *Id*. Plaintiff fails to allege how the officers questioning each party separately negates probable cause.

Second, at the time of his questioning, Plaintiff stated to one of the Defendant officers that he was "chasing [Mr. Johnson] with his vehicle." FAC at 2. Subsequently, Plaintiff was arrested for assault with a deadly weapon in violation of California Penal Code 245(a)(1). *Id*. Although Plaintiff denied trying to run Mr. Johnson over because he stopped before hitting him, Plaintiff's admission to Defendant Gomezbray tends to indicate there may have been probable cause for the arrest. Plaintiff's allegations that he and Mr. Johnson gave conflicting statements and that his own statements were exculpatory also fail to plausibly suggest a lack of probable cause. Even construing the complaint liberally, the facts alleged do not allow the court to infer a lack of probable cause. Accordingly, the Plaintiff's false arrest claim is dismissed.

### B.    Conspiracy to Commit False Arrest

Plaintiff further appears to allege that Defendants Anderson and Gomezbray are liable for conspiracy to commit false arrest under Section 1983. FAC at 3-4. To allege a conspiracy under Section 1983, Plaintiff must demonstrate "a meeting of the minds to violate constitutional rights." *Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1179 (S.D. Cal. 2010). While the parties "need not know the exact details of the plan… each participant must at least share a common objective of the conspiracy." *Id*. Such an agreement may be inferred based on circumstantial evidence. *Id*.

Plaintiff fails to adequately plead conspiracy to commit false arrest. Plaintiff alleges Defendant Anderson harbored animus toward Plaintiff after being involved in a prior lawsuit initiated by Plaintiff and that Anderson "took advantage" of Gomezbray. FAC at 3. These allegations are not sufficient to demonstrate a common objective to deprive Plaintiff of his constitutional rights. *Steel*, 726 F.Supp.2d at 1179; *see also Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy do not state a claim); *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere

4

allegation of conspiracy without factual specificity is insufficient"). Accordingly, Plaintiff's conspiracy to commit false arrest claim is dismissed.

### C.   Removal of Vehicle

Plaintiff appears to allege Defendant Piro is liable under Section 1983 and the Fourth and Fourteenth Amendments based on the towing of Plaintiff's vehicle. FAC at 4. No due process claim lies under the Fourteenth Amendment for the alleged deprivation because Plaintiff has a post-deprivation remedy for any loss of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (the availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy for both negligent and intentional deprivation of property).

The Fourth Amendment guarantees citizens the right 'to be secure… against unreasonable seizures…'" U.S. Const. Amend. IV. "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). "A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citations omitted). One such exception is for a seizure incident to a lawful arrest. *See Menotti v. City of Seattle*, 409 F.3d 1113, 1153 (9th Cir. 2005) ("ample precedent... permit[s] a search or seizure incident to arrest" (internal quotation marks and citation omitted)).

Plaintiff fails to plead facts under which the Court could infer Defendant Piro's actions were an unreasonable seizure. Plaintiff appears to acknowledge a seizure incident to a lawful arrest is not unreasonable but alleges "it could not be incidental to the arrest" because the arrest "had not occurred yet." FAC at 4. Plaintiff also states that Defendant Piro was named in a prior lawsuit brought by Defendant and that this relationship led Defendant Piro to harbor a negative animus toward Plaintiff as evidenced by the fact that Defendant Piro allegedly began to fill out the tow report prior to any determination to arrest Plaintiff. FAC at 4. These allegations fail to suggest the towing of Plaintiff's car was an unreasonable seizure. As discussed above, Plaintiff has not pleaded sufficient facts to state a claim that his arrest was unlawful. It follows that Plaintiff has failed to plead that the seizure of his vehicle by towing was not incident to a lawful

5

arrest. Plaintiff's removal of vehicle claim is dismissed.

### D. Defendant City of Fairfield

Plaintiff names the City of Fairfield as a Defendant to this action. FAC at 1. A review of the FAC suggests Plaintiff has included Defendant City of Fairfield in this action to be vicariously liable for Plaintiff's Section 1983 causes of action. "[L]iability of a municipality cannot be predicated upon *respondeat superior* in an action brought under 42 U.S.C. S 1983." *Collins v. City of San Diego*, 841 F.2d 337, 340 (9th Cir. 1988). Instead, municipalities may be held liable under Section 1983 using the standard in *Monell v. Department of Social Services*. *See* 436 U.S. 658, 689-90 (1978). To establish liability for governmental entities under *Monell*, a plaintiff must prove (1) deprivation of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 617 (9th Cir. 2014). Here, Plaintiff fails to plead adequate facts for *Monell* liability. Plaintiff's *Monell* claim also fails because the FAC has not adequately alleged any constitutional violation for the reasons discussed above. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). The FAC fails to state a *Monell* liability claim.

### E. Leave to Amend

If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *See Davis v. Miranda*, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se, *Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06; *Cal. Architectural*

*Bldg. Prod. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Upon careful consideration, it clearly appears the deficiencies in the FAC cannot be cured through amendment. Plaintiff was given notice of the deficiencies in these claims by way of Defendants' motion to dismiss the original complaint. (*See* ECF No. 4.) Plaintiff then filed the FAC, adding factual allegations discussed herein which still fail to state any claim for the same reasons argued in Defendants' motion to dismiss the original complaint. In addition, while Plaintiff's opposition to the pending motion to dismiss states Plaintiff could plead additional facts set forth therein if granted leave to amend, those additional facts offered in the opposition would not cure the deficiencies in the claims. It now clearly appears further amendment would be futile.

## IV.    CONCLUSION

For the reasons set forth above, the FAC fails to state any federal claim under 42 U.S.C. § 1983. Thus, the Court should decline to exercise supplemental jurisdiction over any intended state law claim such as for negligence or conversion. *See* 28 U.S.C. § 1367(c)(3) (stating that the "district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss (ECF No. 11) is GRANTED and Plaintiffs' claims arising under federal law are dismissed without further leave to amend.

2. Defendants' request to strike matters from the first amended complaint are denied as moot.

3. The Court declines to exercise supplemental jurisdiction over any intended state law claims, and those claims are dismissed without prejudice to their filing in state court.

4. The Clerk of the Court is directed to close this case.

Dated:  March 31, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, dayt.25cv2869

7