UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON,<br>Plaintiff,<br>v.<br>CITY OF FAIRFIELD, et al.,<br>Defendant. | No. 2:25–cv–02869–CKD<br>ORDER<br>(ECF No. 18) |

Pending before the court is plaintiff Edward Randolph Dayton's motion to alter or amend judgment on defendants' motion to dismiss plaintiff's first amended complaint. (ECF No. 18.) Plaintiff is appearing without counsel. This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 5, 6, 15.) Pursuant to Local Rule 230(g), the court submits the motion on record and briefs on file.

For the reasons that follow, the court DENIES plaintiff's motion to alter or amend judgment.

**BACKGROUND**

On April 1, 2026, the undersigned issued an order dismissing plaintiff Edward Randolph Dayton's first amended complaint without leave to amend and closed his case. (ECF No. 20.) On April 27, 2026, plaintiff filed a motion to alter or amend judgment regarding his false arrest and

conspiracy to commit false arrest claims. (ECF No. 18.) On May 19, 2026, defendants City of Fairfield, Johnathan Gomezbray, Kevin Anderson, and Frank Pirro filed an opposition to plaintiff's motion. (ECF No. 19.)

**FIRST AMENDED COMPLAINT**

On October 8, 2024, Plaintiff Edward Randolph Dayton alleged he was accosted in his tent by Jimmy Johnson, an individual Plaintiff describes as "homeless" and "with mental health issues." (ECF No. 9 at 2.) Plaintiff alleged that an individual named Edward in presumably a prior incident had to "chase Jimmy out of the parking lot." Id. At some point later in the day, Plaintiff alleged he followed Mr. Johnson in his vehicle. Id. at 2. Plaintiff's narrative then jumped to him being questioned by Defendant Johnathan Gomezbray. Id. at 1-2. Plaintiff allegedly told Defendant Gomezbray "he was not trying to run [Mr. Johnson] over and that he stopped before hitting [Mr. Johnson]. That 'he was not trying to hit [Mr. Johnson], he was just chasing [Mr. Johnson] with his vehicle.'" Id. at 2. At the same time, Defendant Kevin Anderson was questioning Mr. Johnson. Id. at 1. Upon the conclusion of the questioning, Plaintiff alleged that Defendant Anderson communicated to Defendant Gomezbray that "they were going to place Plaintiff under arrest for Assault with a Deadly Weapon in violation of California Penal Code 245(a)(1)." Id. at 1-2. Subsequently, Plaintiff was arrested and transported to the Solano County Main Detention Facility where he was booked. Id. at 2.

**DISCUSSION**

Plaintiff's motion to alter and amend judgment argues the court's dismissal of his false arrest and conspiracy to commit false arrest was tantamount to a ruling on the merits and that either defendants' motion to dismiss should have been denied or the first amended complaint should have been dismissed with leave to amend. (ECF No. 18 at 6-7.) Defendants counter that plaintiff failed to allege the court had erred in its decision and that plaintiff had failed to state a claim for false arrest and conspiracy to commit false arrest. (ECF No. 19 at 2-4.)

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from

the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." Id. (internal quotation marks and citation omitted).

Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also U.S. v. Alexander, 106 F.3d 874, 876–77 (9th Cir. 1997) (stating that "[t]he law of the case doctrine ordinarily precludes reconsideration of a previously decided issue" and that failure to apply the doctrine constitutes an abuse of discretion).

Here, plaintiff did not make the requisite showing of any new or different facts that did not exist before he filed the motion, that the court committed clear error, and/or of an intervening change in controlling law. To support his motion, plaintiff cites to a body of caselaw from the Ninth Circuit and other jurisdictions defining the terms "plausibility" and Federal Rule of Procedure 8 pleading standards. Id. at 4-7. Notably, plaintiff cites favorably to West Bend Mutual Insurance Company v. Schumacher, 844 F. Supp. 3d 670 (7th Cir. 2016), which states "the plausibility determination is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 676 (quoting McCauley v. City of Chicago,

671 F. 3d 671, 676 (7th Cir. 2011).

The court evaluated whether plaintiff stated a plausible claim for false arrest and conspiracy to commit false arrest under this standard and found that not only plaintiff had failed to state a false arrest and conspiracy to commit false arrest claim, but that further amendment was futile. When dismissing plaintiff's false arrest claim without leave to amend, it considered the factual allegation that plaintiff had admitted to an arresting defendant officer that he was "chasing" Mr. Johnson with his vehicle prior to his arrest. (ECF No. 16 at 4.) The court also concluded plaintiff failed to plead a lack of probable cause by alleging defendants had separately questioned plaintiff and Mr. Johnson. Id. The court found that even when considering the facts of the complaint liberally, the facts alleged did not allow the court to infer probable cause. Id. Further, the court concluded that plaintiff's allegations of conspiracy to commit false arrest due to defendant Anderson's prior animus towards plaintiff were conclusory. Id. at 4-5. This was also plaintiff's second opportunity to state a false arrest and conspiracy to commit false arrest claim. See Docket. Thus, the court was justified in finding plaintiff's pleadings could not be cured by amendment. (ECF No. 16 at 6) (citing Lopez v. Smith, 203 F. 3d at 1130-31; Cato v. United States, 70 F. 3d 1103, 1106 (9th Cir. 1995)).

Accordingly, it is ordered that plaintiff's motion to alter or amend judgment on defendant's motion to dismiss plaintiff's first amended complaint (ECF No. 18) is DENIED.

Dated: 09/02/26

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, dayt.25cv2869